**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CARLOS RAMOS,

Plaintiff,

v. Case No.:

BURLINGTON STORES, INC., and
BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION d/b/a
Burlington,

Defendants.
________________________________.

## COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)

Plaintiff, Carlos Ramos, by and through the undersigned counsel, herein sues the Defendants, Burlington Stores Inc., and Burlington Coat Factory Warehouse Corporation d/b/a Burlington pursuant to 29 U.S.C. Section 201 *et seq.* and Section 216b of the Fair Labor Standards Act and states as follows:

## PARTIES

1. Plaintiff Carlos Ramos is an individual who resides in Brandon, Florida.

2. Defendant Burlington Stores Inc. Is a publicly traded (BURL), foreign corporation with its principal place of business located at 1830 Route 130 North,

Burlington, New Jersey 08016. Upon information and belief, Burlington Stores Inc. is the parent corporation of wholly owned subsidiary, Burlington Coat Factory Warehouse Corp.

3. Defendant Burlington Coat Factory Warehouse Corporation is a foreign corporation with its principal place of business located at 1830 Route 130 North, Burlington, New Jersey 08016. This Defendant paid Plaintiff as per pay records. Defendant can be served via their registered agent, CT Corporation, at 1200 South Pine Island Road, Plantation, FL 33324. Hereinafter, the Defendants are jointly referred to as "Defendants" or "Burlington."

4. At all times relevant to this action, Defendants acted jointly, severally, and in concert with one another in employing Plaintiff and controlling Plaintiff's compensation, work conditions, and hours worked.

5. At all times material, Defendants owned and operated many Burlington brick and mortar, retail stores in Florida, including the store located in Brandon, Florida from which Plaintiff worked.

6. Defendants are joint employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), and exercised operational control over Plaintiff's employment, including the power to hire and fire, supervise and control work schedules and conditions of employment, determine the rate and method of payment, and maintain employment records.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

8. At all times relevant to this action, Defendants have been employers engaged in interstate commerce and in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

9. At all times relevant to this action, Defendants have been enterprises engaged in commerce or in the production of goods for commerce with an annual gross volume of sales made or business done exceeding $500,000.

10. At all times relevant to this action, Defendants jointly employed Plaintiff as an employee within the meaning of 29 U.S.C. § 203(e).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants conduct substantial and continuous business in this District, and the events giving rise to this action occurred in this District at Store #347 in Brandon, Florida.

12. This Court has personal jurisdiction over Defendants because Defendants conduct continuous and systematic business within the State of Florida and within this District, and Defendants' acts and omissions complained of herein occurred within this District.

## FACTUAL ALLEGATIONS

13. Plaintiff Carlos Ramos was employed by Defendants from February 6, 2006, through May 18, 2026.

14. During the period relevant to this action, Plaintiff worked as an hourly paid, non-exempt Assistant Store Manager at Defendants' Store #347 located in Brandon, Florida.

15. Plaintiff's duties as Assistant Store Manager included general store management responsibilities but did not include supervising two or more full-time employees or exercising independent discretion and judgment on matters of significance.

16. From December 2025 through May 18, 2026, Plaintiff regularly worked 75 to 80 hours per week.

17. During this same period, Plaintiff was compensated for only 37 to 40 hours per week.

18. Plaintiff's regular hourly rate during the period of December 2025 through May 18, 2026, ranged from $27.54 to $28.23 per hour.

19. Store Manager Rania Owens explicitly instructed Plaintiff to punch out mid-shift and continue working off the clock.

20. Manager Rania Owens required Plaintiff to work unpaid hours to clear backrooms and meet store payroll targets.

21. Plaintiff worked off the clock every day during the period of December 2025 through May 18, 2026.

22. Plaintiff was required to work approximately 30 to 40 hours per week in excess of 40 hours without being paid for those hours.

23. Defendants' managers instructed Plaintiff to work off the clock, encouraged off-the-clock work, and discouraged accurate reporting of all hours worked.

24. Defendants' managers knew that Plaintiff and other employees were working off the clock.

25. Defendants tracked Plaintiff's hours worked through an electronic timekeeping system known as ESS 45 Zebra.

26. Defendants shaved or edited hours off Plaintiff's timecard records.

27. Plaintiff's timecards did not accurately reflect all hours Plaintiff actually worked because Defendants failed to record off-the-clock work and edited time entries.

28. Plaintiff was also expected to complete scheduling work from home on Sundays without being paid for that time.

29. Throughout the period of December 2025 through May 18, 2026, Defendants did not pay Plaintiff any overtime premium for hours worked in excess of 40 hours per week.

30. Plaintiff's separation from employment occurred on May 18, 2026.

31. Defendants' failure to pay overtime compensation was knowing and willful.

32. Defendants were aware of the Fair Labor Standards Act overtime requirements applicable to non-exempt employees and willfully refused to comply with those requirements.

33. Defendants took direct actions to prevent Plaintiff from accurately recording all hours worked and from being compensated for overtime hours.

34. Defendants reaped the benefit of Plaintiff's unpaid overtime work while systematically denying Plaintiff the overtime compensation required by law.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME COMPENSATION 29 U.S.C. § 207(a)**

35. Plaintiff incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

36. At all times relevant to this action, Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(e).

37. At all times relevant to this action, Defendants were employers within the meaning of 29 U.S.C. § 203(d).

38. The Fair Labor Standards Act requires that employers pay employees not less than one and one-half times the regular rate at which employees are employed for hours worked in excess of 40 hours in a workweek.

39. During the period of December 2025 through May 18, 2026, Plaintiff regularly worked more than 40 hours per week.

40. Defendants failed to compensate Plaintiff at the rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours per week.

41. Defendants failed to accurately record and track all hours Plaintiff worked as required by the Fair Labor Standards Act and 29 C.F.R. part 516.

42. Defendants knowingly permitted and required Plaintiff to work off the clock without compensation.

43. Defendants' conduct in requiring Plaintiff to work off the clock, instructing Plaintiff to punch out while continuing to work, editing and shaving hours from Plaintiff's timecards, and refusing to pay overtime premiums constitutes a willful violation of the Fair Labor Standards Act within the meaning of 29 U.S.C. § 255(a).

44. Defendants have not made a good faith effort to comply with the Fair Labor Standards Act with respect to compensation of Plaintiff as instructing employees to not report all time, discouraging not reporting all time and otherwise

editing off hours from time records are in conflict with the FLSA's requirements and employer obligations and prohibited actions.

45. As a direct result of Defendants' willful violations of 29 U.S.C. § 207(a), Plaintiff has suffered damages in the form of unpaid overtime compensation.

46. Plaintiff is entitled to recover unpaid overtime wages, an equal amount as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Carlos Ramos respectfully requests that this Court enter judgment in his favor and against Defendants Burlington Stores Inc. and Burlington Coat Factory Warehouse Corp, jointly and severally, and award Plaintiff the following relief:

A. Unpaid overtime compensation at the rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of 40 hours per each work week during the period of December 2025 through May 18, 2026;
B. An additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);
C. Prejudgment interest at the applicable legal rate;
D. Reasonable attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b);

E. A finding and declaration that Defendants' violations of the Fair Labor Standards Act were willful within the meaning of 29 U.S.C. § 255(a), thereby permitting application of the three-year statute of limitations; and

F. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted on September 8, 2026, by,

*/s/Mitchell Feldman, Esq.*
Mitchell Feldman, Esq.
**Feldman Legal Group**
12610 Race Track Road, Suite 225
Tampa, FL 33626
mfeldman@flandgatrialattorneys.com
Tel: (813) 639-9366
Fax: (813) 639-9376
*Lead Attorney for Plaintiff*